**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1011-18T3

BAYVIEW LOAN
SERVICING, LLC,

     Plaintiff-Respondent,

v.

ERIC HAYDEN,

     Defendant-Appellant,

and

FORREST HILLS CONDOMINIUM
ASSOCIATION, INC.,

     Defendant-Respondent.

_____

Submitted January 7, 2020 – Decided January 30, 2020

Before Judges Hoffman and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-014738-13.

Eric Hayden, appellant pro se.

Knuckles Komosinski & Manfro, LLP, attorneys for respondent (John E. Brigandi, on the brief).

PER CURIAM

In this foreclosure action, defendant Eric Hayden appeals from an April 27, 2015 order granting plaintiff, Bayview Loan Servicing, LLC's motion for summary judgment, a January 22, 2018 order granting plaintiff's second motion for summary judgment, a September 20, 2018 order denying defendant's motion for reconsideration, a September 20, 2018 order denying defendant's motion to fix the amount due, and a September 25, 2018 order granting plaintiff final judgment. We affirm all orders.

We briefly summarize the relevant facts and procedural history. On May 15, 2006, defendant executed a promissory note in favor of Security Atlantic Mortgage Company in the principal amount of $161,029.00. The note was secured by defendant's property in Newark and recorded in the Office of the Essex County Clerk on June 7, 2006. Mortgage Electronic Registration Systems, Inc. (MERS), was the lender's nominee.

On April 1, 2012, defendant failed to make the monthly payment on the note and thereafter did not make any further payments. On June 12, 2012, MERS assigned the mortgage to Wells Fargo Bank, N.A., and the assignment was recorded in the Office of the Essex County Clerk.

2                                                                                      A-1011-18T3

On May 1, 2013, Wells Fargo filed an initial foreclosure complaint in the Chancery Division, and defendant filed an answer on July 8, 2013. On March 11, 2015, Wells Fargo filed a motion for summary judgment seeking to strike defendant's answer, which was unopposed. The motion was granted on April 27, 2015.

On January 12, 2016, the mortgage was assigned to the Secretary of Housing and Urban Development, and the assignment was recorded in the Office of the Essex County Clerk. On that same day, the mortgage was assigned to plaintiff and the assignment was recorded in the Office of the Essex County Clerk. On June 13, 2017, plaintiff filed an amended complaint to include condominium liens, and defendant filed an answer on August 1, 2017. Plaintiff moved for summary judgment seeking to strike defendant's answer and defendant opposed the motion. On January 22, 2018, the Chancery Division granted plaintiff's motion.

On March 29, 2018, plaintiff filed a motion for final judgment. Defendant opposed the motion and filed a motion to fix the amount due. Plaintiff opposed defendant's motion to fix the amount due. Additionally, on May 16, 2018, defendant filed a motion for reconsideration of the January 22, 2018 order granting summary judgment to plaintiff. Both of defendant's motions were

A-1011-18T3

denied. The Chancery Division granted plaintiff's motion for final judgment on September 25, 2018.

On appeal, defendant contends that plaintiff did not prove it had standing to bring an action to foreclose upon the subject property. He argues that the submissions in support of Wells Fargo's 2015 motion for summary judgment did not prove it possessed the note on the day the complaint was filed. Defendant further claims that plaintiff did not establish the chain of assignments necessary to confer standing on plaintiff.

We are convinced from our review of the record that defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). However, we add the following comments.

Defendant argues that plaintiff did not have standing to foreclose on the mortgage. We have held, however, that "either possession of the note or an assignment of the mortgage that predate[s] the original complaint confer[s] standing" to foreclose. Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citation omitted).

To have standing to bring a foreclosure action, a plaintiff "must own or control the underlying debt." Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011); (quoting Wells Fargo Bank, N.A. v. Ford,

4

418 N.J. Super. 592, 597 (App. Div. 2011)). The Uniform Commercial Code (UCC), specifically N.J.S.A. 12A:3-301, addresses in pertinent part who may enforce a negotiable instrument such as a mortgage:

> "Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 12A:3-309 or subsection d. of 12A:3-418.

To qualify as the "holder" of a mortgage who can enforce it, plaintiff must show, "transfer of possession of the instrument and its indorsement by the holder." Mitchell, 422 N.J. Super. at 223 (quoting N.J.S.A. 12A:3-201(b)). In this case, plaintiff established that the mortgage had been assigned to Wells Fargo before it filed the foreclosure complaint. The Chancery Division correctly found that Wells Fargo had standing to initiate the foreclosure action, and thereafter, the mortgage was assigned to plaintiff, which had standing to pursue the matter to final judgment.

In addition, defendant argues that plaintiff cannot foreclose unless it can enforce the note that is secured by the mortgage. According to defendant, Wells Fargo had to establish that it had physical possession of the note, or that the note had been endorsed to it. However, as stated previously, plaintiff may foreclose

5

by showing that it either had a valid assignment of the mortgage or possession of the note before the foreclosure complaint was filed.  See Ibid.

In this case, Wells Fargo presented the Chancery Division with a certification of Jeremiah Herberg, a Vice President for Loan Documentation in support of its first motion for summary judgement.  In his certification, Herberg stated that Wells Fargo was in possession of the note prior to May 1, 2013 when the complaint was filed.  Herberg also stated that the mortgage was assigned to Wells Fargo on June 7, 2012, prior to the commencement of the foreclosure action.  Defendant did not oppose plaintiff's motion and it was granted by the Chancery Division.  In its statement of reasons, the Chancery Division found plaintiff demonstrated execution and recording of the note and mortgage and default, and Wells Fargo had possession of the note when the complaint was filed.  The Chancery Division noted that defendant failed to provide any factual support for his ten affirmative defenses.

Defendant also contends the note was not endorsed to plaintiff, but the note was endorsed in blank.  In support of its second motion for summary judgment, plaintiff presented the Chancery Division with a certification of Brian Nwabarra, a Document Coordinator.  In his certification, Nwabarra stated Wells Fargo was in possession of the note prior to the commencement of the

foreclosure action and had possession of the original note when he executed his certification. Attached to Nwbarra's certification was a certified copy of the original note with the endorsement in blank.

Defendant did not refute the declarations contained in Nwbarra's certification. Based on the undisputed factual record, the Chancery Division rejected defendant's contention that plaintiff lacked standing to pursue the foreclosure. The Chancery Division noted that defendant admitted to execution of the note and affidavit, and that the mortgage was recorded. Since defendant had no other defense to the action, the Chancery Division granted summary judgment to defendant by its order of January 22, 2018.

Because the record established the right of plaintiff to enforce the note by competent evidence, and because defendant had no defense other than his challenge to standing, the Chancery Division correctly entered summary judgment in favor of plaintiff and appropriately denied defendant's motions for reconsideration and to fix the amount due.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1011-18T3